HOWARD SPARKS, APPELLEE, v. CATER ELECTRICAL
CONSTRUCTION CO., INC., APPELLANT.

39 N. W. 2d 274

Filed October 14, 1949. No. 32626.

*George B. Hastings,* for appellant.

*W. C. Conover,* and *McGinley & Lane,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

Plaintiff, as a veteran entitled to the benefits of the Servicemen's Readjustment Act of 1944, Public Law 346, Laws of the 78th Congress, 2d Session, a part of what is popularly known as the "G. I. Bill of Rights," brought this action to recover the value of subsistence benefits under that act, which defendant allegedly promised

would be paid. He, as assignee, joined with his own cause of action the cause of three other veterans seeking a like recovery. Issues were made and trial had to a jury. At the close of all the evidence, both plaintiff and defendant moved for an instructed verdict. The trial court dismissed the jury, found for and entered judgment for the plaintiff on all causes. Defendant appeals. We affirm the judgment of the trial court.

Plaintiff alleged an oral contract of employment at an agreed wage; that as a part of said contract defendant agreed that the employment was subject to the provisions of the on-the-job training program of the Veterans' Administration under Public Law 346, and that defendant was a qualified and approved on-the-job training institution under said law; that plaintiff and his assignors would receive under said contract the subsistence benefits allowed by the act, provided plaintiff and his assignors delivered to defendant their applications for training under the act, and defendant would take care of all further matters required; that plaintiff and his assignors delivered to defendant their certificates of eligibility and entitlement under the act and entered defendant's employment and performed labor for periods of time. Plaintiff further alleged that the representation and agreement of defendant that it was a qualified on-the-job training institution were false and fraudulent and that defendant was not so qualified during the periods of the employment and by reason thereof plaintiff and his assignors did not receive the allowances.

Defendant by answer pleaded, among other things, that it was a Missouri corporation and was at the time of the contract an approved on-the-job training institution in Missouri; that it acted in good faith; and that as soon as it found out that it was necessary to secure approval in Nebraska it applied for and secured the approval and was at the time of filing the answer such an approved institution.

The trial court found generally for the plaintiff and against the defendant and made specific findings of fact. We summarize these findings.

The marital status of plaintiff and his assignors was determined and each was found to be a veteran entitled to the benefits under Public Law 346. The court further found that the defendant represented to plaintiff and his assignors that it was an approved on-the-job training institution in Nebraska, and that the parties would receive subsistence allowances provided under the said Public Law 346 in addition to base pay; that these representations were made to induce the parties to enter the employment of the defendant company; that defendant posted a bulletin stating that it was an approved on-the-job training institution; that at the time the representations were made defendant company was not qualified as an on-the-job training institution in Nebraska; that the defendant was under a duty to know and should have known the requirements of the Veterans' Administration to qualify and be approved, and lacking such knowledge made the representation above set forth as an inducement to the plaintiff and his assignors to become employees of or to remain in the employ of the defendant; and that by reason of the fact that the defendant was not a qualified on-the-job training institution in Nebraska, the plaintiff and his assignors did not become entitled to the subsistence allowances as provided by Public Law 346. The court made further findings as to the amount of subsistence allowance plaintiff and his assignors would have received had the agreement been kept, and entered judgment against the defendant and in favor of the plaintiff.

The amount of the judgment is not questioned. The question here is whether or not plaintiff is entitled to recover in any amount.

Defendant's first contention is that the decision of the Administrator of Veterans' Affairs on claims for benefits under the act is final and conclusive and not subject

to review by a court. That contention is beside the point. Plaintiff does not seek to have reviewed the decision of the administrator. He seeks to recover here that which the defendant promised would be paid as a part of the consideration of the employment and service and that which plaintiff and his assignors would have been paid by the United States had defendant been a qualified on-the-job training institution in Nebraska.

The rule is that one who makes a promise which cannot be performed without the consent or cooperation of a third person is not excused from liability because of inability to secure the required consent or cooperation, unless the terms or nature of the contract indicate that he does not assume this risk. 6 Williston on Contracts (Rev. ed.), § 1932, p. 5413; 12 Am. Jur., Contracts, § 370, p. 941; 17 C. J. S., Contracts, § 459, p. 949. See, also, Hokanson v. Western Empire Land Co., 132 Minn. 74, 155 N. W. 1043, L. R. A. 1917C 761; Frenzer v. Dufrene, 58 Neb. 432, 78 N. W. 719; City of Topeka v. Industrial Gas Co., 135 Kan. 646, 11 P. 2d 1034. The findings of the trial court bring the defendant within this rule and without the exception.

Defendant next contends that the subsistence allowances claimed by plaintiff and his assignors are gratuities; that the parties had no legal right to compel their payment by the United States; and that as a consequence the defendant has not infringed upon their legal rights. Here, again, the defendant mistakes the issue. Plaintiff does not seek to compel the government to pay subsistence payments. Plaintiff seeks to recover the value of that which the defendant promised the plaintiff and his assignors would receive from the government. That payment was a part of the consideration which the defendant promised would be paid the plaintiff and his assignors in consideration for services performed for the defendant. Plaintiff and his assignors have been deprived of the very material benefits of that promise.

Defendant next argues that to sustain an action for

fraud and deceit, plaintiff must prove actual damage, and that because plaintiff and his assignors still have available to them all the rights and benefits of the federal act, they have not been damaged. The answer to this is clear. Plaintiff and his assignors have not been paid that which defendant agreed would be paid to them in consideration of the labor which they performed for it. The fact that they yet may or may not be entitled to be paid by the United States for other labor performed under the training program does not excuse the defendant.

Finally defendant argues that the fraud and injury must sustain the relation of cause and effect; that plaintiff's causes must fail because of inability to prove that the defendant's fraud was the proximate cause of the failure to receive the subsistence allowances; and that it is only conjecture and speculation to say that the payments were not made because the defendant was not an approved institution for on-the-job training in Nebraska. That contention is answered by the finding of the trial court that the plaintiff and his assignors did not become entitled to the subsistence allowances because the defendant was not a qualified on-the-job training institution in Nebraska. The evidence sustains the finding.

We see no merit in defendant's contentions.

The judgment of the district court is affirmed.

AFFIRMED.