**148**

In re Petition for DISCIPLINARY AC-TION AGAINST Louis J. McCOY, an Attorney at Law of the State of Minnesota.

No. C3-85-27.

Supreme Court of Minnesota.

June 21, 1989.

ORDER

By order of this court, the respondent was indefinitely suspended from the practice of law for neglect of client matters and misrepresentation to clients. *In re McCoy II*, 422 N.W.2d 731 (Minn.1988). Thereafter, additional allegations of professional misconduct against respondent were brought to the attention of the office of the Director of the Lawyers Professional Responsibility Board. On May 8, 1989, the Director's office filed a petition for further disciplinary action against respondent seeking to have him disbarred or further suspended from the practice of law. Respondent has failed to file an answer to the Director's petition. Instead, on or about May 19, 1989, the respondent filed a petition for resignation from the bar of the State of Minnesota pursuant to Rule 11, Rules on Lawyers Professional Responsibility.

Historically this court has repeatedly refused to grant resignation petitions where disbarment or suspension has been found to be justified. *See, e.g., In re Peck*, 302 N.W.2d 356, 360 (Minn.1981), *In re Warren Henry Johnson*, 290 N.W.2d 604 (Minn. 1980), *In re Hetland*, 275 N.W.2d 582 (Minn.1978); *In re Streater*, 262 Minn. 538, 115 N.W.2d 729 (1962).

Rule 13(b), Rules on Lawyers Professional Responsibility, provides that if a respondent fails to file an answer within the time provided, the allegations of the petition shall be deemed to be admitted, and the court may proceed with disposition pursuant to Rule 15.

The court having considered all of the files and records herein NOW ORDERS:

1. That the respondent's petition to resign from the bar of the State of Minnesota is hereby denied.

2. That the allegations of the Director's petition dated May 9, 1989, are deemed to be admitted.

3. The matter is set for hearing before this court on the 5th day of September, 1989, at 9:00 a.m. for purposes of considering the appropriate discipline to be imposed, which may include the awarding of costs and disbursements herein.

4. Either party may submit written proposals to this court regarding the appropriate discipline on or before the 15th day of August, 1989.

5. A copy of this order shall be served by mail on the Director and the respondent.