**In re Petition for DISCIPLINARY ACTION AGAINST Robert V. MAKI, an Attorney at Law of the State of Minnesota.**

No. C1–89–1623.

Supreme Court of Minnesota.

Dec. 29, 1989.

William J. Wernz, Patrick R. Burns, Office of Lawyers Professional Responsibility, St. Paul, for appellant.

Robert V. Maki, Alexandria, for respondent.

PER CURIAM.

Following service on respondent, Robert V. Maki, of a petition for disciplinary action filed by the director of the Office of Lawyers Professional Responsibility, respondent did not answer or submit a brief in his defense. Accordingly, the director has requested that we deem all charges to be correct and that we indefinitely suspend respondent without possibility of reinstatement for at least 2 years contingent on a showing of fitness pursuant to Rule 18, Rules on Lawyers Professional Responsibility (RLPR). We concur with the director's request that discipline is required, but reduce the minimum suspension period to 6 months.

Respondent was admitted to practice in 1986 and spent the largest portion of his 3-½ years as a lawyer in solo practice. Respondent alleges that the difficulty in attempting to start such a practice caused most of his problems. Respondent appeared with his counsel at oral argument and substantially admitted all charges so we will not outline them, but will summarize them as follows:

First, respondent, in the case of several clients, accepted representation for them only to mislead them and procrastinate in giving them a report of the condition of their cases, telling them that their cases were proceeding normally when, in fact,

respondent had done little or nothing since the files were opened.

Second, respondent ignored several orders of the Minnesota Court of Appeals to pay to that court several filing fees for cases he had filed there.

Third, respondent has written checks without sufficient funds and has pled guilty on at least two occasions to criminal charges brought as a result thereof.

Fourth, respondent admits to commingling clients' funds with his own personal fund and to a failure to keep adequate trust fund account records. However, the director can point to no client who has lost any funds as a result of respondent's activities.

Finally, respondent continued to practice law while under suspension for failure to pay his lawyer's registration fees and failed to cooperate with the director's office when the director was investigating complaints against him.

Respondent's record is a sorry one for an attorney so recently admitted to the practice of law. Were it not for his inexperience, his obvious showing of contrition at oral argument and his readiness to attempt to correct his difficulties, we would be inclined to a greater penalty than we impose herein.

Accordingly, IT IS ORDERED:

1. Respondent is hereby indefinitely suspended from the practice of law in Minnesota. He shall be ineligible for reinstatement before June 1, 1990.

2. Respondent shall be ineligible for reinstatement until he can show proof of fitness pursuant to Rule 18, RLPR, including the requirement to take the ethics portion of the Minnesota Bar Examination.

3. Upon filing a petition for reinstatement, respondent must show that he has made arrangements to practice law in association with a senior member of the bar and will not operate his own lawyer's trust account, but be required to place all clients' funds into the trust account of a senior member of the bar whose approval and supervision will be required before withdrawing any funds from that account.

4. He shall also be placed under probation for a minimum of 2 years in the event reinstatement is allowed.

IT IS SO ORDERED.