**In re Petition for Reinstatement to the Practice of Law of Robert V. MAKI, Petitioner.**

**No. C1–89–1623.**

Supreme Court of Minnesota.

Aug. 29, 1995.

*ORDER*

WHEREAS, this court on December 29, 1989, indefinitely suspended petitioner Robert V. Maki from the practice of law for a minimum period of 6 months, *In Re Disciplinary Action Against Maki,* 449 N.W.2d 712 (1989);

WHEREAS, petitioner has applied for reinstatement;

WHEREAS, the panel of the Lawyers Professional Responsibility Board considering the petition found that petitioner has complied with Rules 24 and 26, Rules on Lawyers Professional Responsibility, is current with continuing legal education, has undergone a change and is presently fit to resume the practice of law, but that he did not establish by clear and convincing evidence fitness to engage in solo practice or legal competence and skill outside the area of real estate law;

WHEREAS, the panel recommends petitioner be reinstated and placed on 5 years' supervised probation, subject to the following conditions:

1. He shall not engage in the solo practice of law without further order of this Court.

2. He shall abide by the Minnesota Rules of Professional Conduct.

3. He shall cooperate fully with the Director's Office in its efforts to monitor compliance with his probation and promptly respond to the Director's correspondence by the due date. He shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, he shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

4. He shall at least quarterly verify his current employment and shall authorize his employer to communicate with the Director's Office directly regarding his performance as an attorney.

5. He shall immediately notify the Director's Office of any change in his employment.

6. If petitioner returns to private practice, he shall not begin representing clients until a supervisor approved by the Director's Office has signed a consent to supervise and the terms and conditions of that supervision are es-

tablished based upon his demonstrated competence in areas of proposed practice and the nature of his new practice situation. Such terms and conditions may include, at the Director's option, re-taking the full bar examination.

7. He shall cooperate fully with his employer/supervisor or the supervisor appointed by the Director's Office in his or her efforts to monitor compliance with the reinstatement order. Upon return to private practice, petitioner shall abide by the terms and conditions of supervision established pursuant to the consent to supervise. Petitioner's supervisor shall file a written report with the Director at least quarterly or at such more frequent intervals as may be reasonably requested by the Director; and

WHEREAS, this court has independently reviewed the record and agrees with the panel's recommendation,

IT IS HEREBY ORDERED that petitioner, Robert V. Maki, is reinstated to the practice of law and is placed on 5 years' probation on the conditions set out above.

BY THE COURT:

/s/_____

M. Jeanne Coyne
Associate Justice