**In re Petition for DISCIPLINARY ACTION AGAINST Erin Marie WOLFF, (f/k/a Erin M. Alavez) a Minnesota Attorney, Registration No. 285766.**

No. A11–1358.

Supreme Court of Minnesota.

Feb. 15, 2012.

---

Lawyers Professional Responsibility, Saint Paul, MN, for petitioner.

Erin Marie Wolff, Eden Prairie, MN, pro se.

## OPINION

PER CURIAM.

On March 17, 2009, respondent Erin Marie Wolff was disbarred in Arizona under her married name, Erin M. Alavez, for several instances of professional misconduct.[1] Respondent then returned to Minnesota and resumed practicing law under her maiden name, Erin Marie Wolff. Respondent did not inform the Director of the Minnesota Office of Lawyers Professional Responsibility (Director) of her Arizona disbarment. In April 2011, the State Bar of Arizona informed the Director of respondent's disbarment in Arizona.[2] The Director thereafter filed this petition for reciprocal discipline under Rule 12(d), Rules on Lawyers Professional Responsibility (RLPR). Because we conclude that reciprocal discipline is warranted, respondent is disbarred from the practice of law in Minnesota.

Respondent was admitted to practice law in Minnesota on October 30, 1998. In 2001, respondent married, changed her last name to Alavez, and moved her practice to Arizona. Respondent was admitted to practice under her married name, Erin M. Alavez, in Arizona on October 29, 2001.[3]

Martin A. Cole, Director, Cassie Hanson, Senior Assistant Director, Office of

1. Respondent is licensed under her maiden name, Erin Marie Wolff, in Minnesota and was licensed under her married name, Erin M. Alavez, in Arizona.

2. Our recitation of the sequence of events between respondent's disbarment in Arizona and the Director's filing of a petition for reciprocal discipline, including how the Director was informed of respondent's Arizona disbarment and the extent to which respondent initially cooperated with the Director's investigation, is based upon facts stated in the Director's brief. Facts regarding respon-

dent's marriage and name change also come from the Director's brief. Because respondent has at no time participated in these disciplinary proceedings, we have no reason to question the veracity of the Director's assertions.

3. Prior to the proceedings that led to her disbarment, respondent had been disciplined once in Arizona. On September 1, 2006, respondent was informally reprimanded for failing to diligently represent a client in a federal civil case, which resulted in the entry of summary judgment against respondent's client

On February 29, 2008, the State Bar of Arizona filed a disciplinary complaint against respondent alleging six counts of misconduct. On March 5, 2008, the complaint was sent by certified mail to the address respondent had provided to the State Bar of Arizona. Respondent failed to answer the complaint, a notice of default was filed on April 22, 2008, and default was entered on May 13, 2008.

A hearing regarding respondent's discipline was held on June 4, 2008, before a hearing officer of the Arizona Supreme Court. Respondent failed to appear for the hearing despite being mailed notice of it on May 19, 2008. The hearing officer found that respondent violated a number of professional rules. Specifically, the hearing officer found that respondent lacked competence and diligence; misappropriated client funds; failed to abide by clients' decisions; failed to communicate and consult with clients; failed to promptly inform a client of a plea agreement; failed to expedite litigation; failed to properly withdraw from client matters; collected unreasonable fees; knowingly made false statements to a tribunal; knowingly disobeyed orders of a tribunal; brought a frivolous claim; engaged in conduct prejudicial to the administration of justice; engaged in conduct involving dishonesty; violated professional probation; and refused to cooperate with disciplinary proceedings.

The hearing officer further found that there were no mitigating circumstances for respondent's conduct.[4] Finally, the hearing officer found that the following aggravating circumstances existed: prior discipline, multiple offenses, pattern of misconduct, dishonest motives, vulnerability of victims, refusal to cooperate in the disciplinary process, and substantial experience in the law.

Based on all of these findings, the hearing officer recommended that respondent be disbarred. Arizona's Disciplinary Commission unanimously recommended acceptance of the hearing officer's recommendation and the Arizona Supreme Court disbarred respondent on March 17, 2009.

After Arizona disbarred her, respondent returned to Minnesota. Respondent did not notify the Director of her Arizona disbarment, as required by Rule 12(d), RLPR.[5] Instead, she resumed practice under her maiden name, Erin Marie Wolff.

The Director initiated an investigation of respondent after being notified of her disbarment by the State Bar of Arizona. Respondent hired private counsel and initially

---

and the imposition of attorney fees against respondent and her client. Respondent was placed on probation as a result, and most of the conduct that led to her disbarment occurred while she was on probation.

4. The Arizona State Bar argued that two mitigating factors existed: "absence of a dishonest or selfish motive" and "personal or emotional problems." The hearing officer explicitly rejected these arguments. As to absence of a dishonest motive, the hearing officer concluded that respondent's "conduct in abandoning clients and misleading the court and clients evidence[d] a selfish motive (the intent to protect oneself)." The hearing officer concluded that respondent made no effort to establish the mitigating factor of personal or emotional problems, stating that if respondent was "incapable or unwilling to show some effort to address her personal or emotional problems and if [r]espondent [wa]s incapable or unwilling to comply with the duties she owe[d] in this disciplinary proceeding" then respondent was "incapable or unwilling to fulfill any of the obligations owed by an attorney." There is no evidence in the record that respondent's alleged personal or emotional problems were related to chemical dependency or mental illness.

5. Under Rule 12(d), RLPR, "[a] lawyer subject to" public discipline in another jurisdiction "shall notify the Director."

cooperated with the investigation.[6] On August 1, 2011, the Director filed a petition for reciprocal discipline and respondent's attorney admitted to being served with the petition. On August 22, 2011, we ordered respondent to file a memorandum within 30 days indicating why disbarment should not be imposed. Respondent failed to respond. Respondent did not file a brief, appear at oral argument, or otherwise participate in this disciplinary proceeding.

## I.

The issue before us is whether respondent should be reciprocally disciplined in Minnesota because of her disbarment in Arizona. Under Rule 12(d), RLPR, the Director may petition for reciprocal discipline based solely on knowledge, from any source, "that a lawyer licensed to practice in Minnesota has been publicly disciplined . . . in another jurisdiction." Rule 12(d), RLPR. Unless we determine otherwise, a final determination in another jurisdiction that a lawyer has committed misconduct conclusively establishes that misconduct for purposes of our reciprocal discipline proceeding. *Id.* After a petition for reciprocal discipline is filed, we may impose identical discipline "unless it appears that discipline procedures in the other jurisdiction were unfair, or the imposition of the same discipline would be unjust or substantially different from discipline warranted in Minnesota." *Id.* We therefore must determine whether Arizona's disciplinary procedures were fair to respondent and, if so, whether we would impose substantially different discipline for respondent's misconduct.

## A.

Arizona's disciplinary procedures were fair to respondent if they "were con-

sistent with [the principles of] fundamental fairness and due process." *See, e.g., In re Schmidt,* 586 N.W.2d 774, 775 (Minn.1998). We have consistently held that another jurisdiction's disciplinary proceedings are fair if the attorney is given notice of the proceedings and an opportunity to "present evidence of good character and other mitigating circumstances." *In re Koss,* 572 N.W.2d 276, 277 (Minn.1997). And an attorney's decision not to participate in the disciplinary proceedings in another jurisdiction is not relevant to our determination of the fairness of those proceedings. *In re Roff,* 581 N.W.2d 32, 34 (Minn.1998) (concluding that Arizona's disbarment proceedings were fair, despite the attorney's failure to participate in them, because the proceedings gave the attorney notice and a chance to be heard); *In re Morin,* 469 N.W.2d 714, 716–17 (Minn.1991) (concluding that, despite the attorney's failure to participate in them, Montana's disbarment proceedings were fair because the attorney "was served with the complaint . . . and with notice of the hearing").

To determine whether the procedures were consistent with these principles, we review the record of Arizona's proceedings. *See Schmidt,* 586 N.W.2d at 775–76. If we conclude that Arizona gave respondent notice of the proceedings and an opportunity to present evidence of her good character or mitigating circumstances for her conduct, then the disciplinary procedures were consistent with the principles of fundamental fairness and due process. Arizona gave respondent notice of the disciplinary complaint against her on March 5, 2008. The notice was sent by certified mail to the address respondent had provided to the State Bar of Arizona. Respondent's actions indicate that she had actual knowledge of Arizona's disciplinary

---

**6.** Respondent's counsel properly withdrew on    September 12, 2011.

proceedings. Indeed, she requested, and was granted, two extensions to reply to disciplinary complaints. After respondent failed to respond to the factual allegations against her, Arizona sent notice of the upcoming hearing to the same address. Respondent failed to appear at, or otherwise participate in, the hearing. But this decision does not impact our determination as to the fairness of Arizona's proceedings. *See, e.g., Roff*, 581 N.W.2d at 34. Because Arizona gave notice to respondent of the disciplinary proceedings and respondent had an opportunity to present evidence in those proceedings, we hold that respondent's disciplinary proceedings in Arizona were consistent with the principles of fundamental fairness and due process.

### B.

■ Having concluded that the Arizona proceedings were fair, we turn next to the question of discipline. Rule 12(d), RLPR, provides that reciprocal discipline should be imposed only if similar discipline would be warranted in Minnesota. In Minnesota, we consider four factors when determining what discipline to impose: "(1) the nature of the misconduct; (2) the cumulative weight of the disciplinary violations; (3) the harm to the public; and (4) the harm to the legal profession." *In re Ulanowski*, 800 N.W.2d 785, 799 (Minn. 2011) (quoting *In re Nelson*, 733 N.W.2d 458, 463 (Minn.2007)). We also consider any aggravating factors and mitigating circumstances that are found. *Id.* While "prior decisions guide and aid us in enforcing consistent discipline," *In re Rebeau*,

787 N.W.2d 168, 174 (Minn.2010), sanctions are ultimately determined "based on the unique facts of each case." *Ulanowski*, 800 N.W.2d at 799.

■ Under Rule 12(d), RLPR, we may deem another jurisdiction's final adjudication that a lawyer has committed misconduct to conclusively establish that misconduct in Minnesota disciplinary proceedings. Rule 12(d), RLPR ("Unless the Court determines otherwise, a final adjudication in another jurisdiction that a lawyer had committed certain misconduct shall establish conclusively the misconduct for purposes of disciplinary proceedings in Minnesota."). The Arizona Supreme Court concluded that respondent's conduct violated numerous professional rules. Specifically, the court found that respondent lacked competence and diligence; misappropriated client funds; failed to abide by clients' decisions; failed to communicate and consult with clients; failed to promptly inform a client of a plea agreement; failed to expedite litigation; failed to properly withdraw from client matters; collected unreasonable fees; knowingly made false statements to a tribunal; knowingly disobeyed orders of a tribunal; brought a frivolous claim; engaged in conduct prejudicial to the administration of justice; engaged in conduct involving dishonesty; violated professional probation; and refused to cooperate with disciplinary proceedings.[7] Respondent has not participated in Minnesota's disciplinary proceedings, and we therefore

---

7. Respondent's conduct in Arizona violated a number of Minnesota rules, including: Minn. R. Prof. Conduct 1.1, (lack of competence); 1.2 (failure to abide by client decisions); 1.3 (lack of diligence); 1.4 (failure to maintain client communication); 1.5 (charging unreasonable fees); 1.15 (failure to safekeep client property); 1.16 (failure to properly withdraw from representation); 3.1 (bringing a frivolous claim); 3.2 (failure to expedite litigation); 3.3 (knowingly making false statements to a tribunal); 3.4 (knowingly disobeying obligations under the rules of a tribunal); 8.4(c) (conduct involving dishonesty); 8.4(d) (conduct prejudicial to the administration of justice); and Rule 25, RLPR (failure to cooperate with the Director's investigation).

deem her misconduct conclusively established. *See Roff,* 581 N.W.2d at 34–35 (finding that an attorney's misconduct was conclusively established by another state's final adjudication where the attorney failed to participate in Minnesota's disciplinary proceedings).

■ We have held that "misappropriation of client funds is particularly serious misconduct and usually warrants disbarment absent clear and convincing evidence of substantial mitigating factors." *In re Rhodes,* 740 N.W.2d 574, 579 (Minn.2007) (citation omitted) (internal quotation marks omitted); *accord In re Fairbairn,* 802 N.W.2d 734, 742–47 (Minn.2011) (holding that an attorney should not be disbarred for misappropriation of client funds where there were no aggravating factors, the attorney's clients did not suffer actual harm, and the attorney established several mitigating factors); *In re Rooney,* 709 N.W.2d 263, 272 (Minn.2006) (holding that an attorney should not be disbarred for misappropriation where several mitigating factors, including "sincere remorse, strong evidence of good character, and lack of prior disciplinary history" were established). There are no mitigating factors in this case that would support a sanction less than disbarment. To the contrary, there are several aggravating factors. Respondent's misappropriation of client funds, alone, therefore could have led to her disbarment in Minnesota.

■ Some of respondent's other misconduct also could have led to her disbarment in Minnesota. Respondent abandoned several clients in Arizona, and we have disbarred attorneys for serious cases of client neglect. *See In re Grzybek,* 567 N.W.2d 259, 263, 265 (Minn.1997) (disbarring an attorney, in part, for repeated neglect of client matters); *In re Pang,* 522 N.W.2d 921, 921 (Minn.1994) (disbarring an attorney for engaging in repeated and continued neglect of client matters, misappropriating client funds, and failing to cooperate with the Director's investigation); *In re Ladd,* 463 N.W.2d 281, 283–84 (Minn. 1990) (disbarring an attorney, in part, for a serious pattern of client neglect). Respondent's failure to cooperate with Arizona's or Minnesota's disciplinary proceedings is also serious misconduct. Refusal to cooperate with disciplinary proceedings, on its own, usually warrants indefinite suspension, *In re Cowan,* 540 N.W.2d 825, 827 (Minn.1995), but when considered in conjunction with other rule violations, it has increased the severity of the discipline imposed. *In re Weems,* 540 N.W.2d 305, 308–09 (Minn.1995) (concluding that an attorney's noncooperation with disciplinary proceedings contributed to the cumulative weight of the violations that compelled disbarment).

■ Moreover, respondent's behavior in Minnesota is exactly the type of misconduct that we seek to prevent by imposing reciprocal discipline. The purpose of reciprocal discipline is "to prevent a sanctioned attorney from avoiding the consequences of misconduct by simply moving his or her practice to another state." *In re Heinemann,* 606 N.W.2d 62, 64 (Minn. 2000). After being disbarred under her married name in Arizona, respondent resumed practicing law under her maiden name in Minnesota. Under Rule 12(d), RLPR, respondent was required to notify the Director of her disbarment in Arizona; she did not.

The cumulative weight and severity of respondent's repeated misconduct—including her attempt to conceal her disbarment from the Director—and the numerous aggravating factors present, lead us to conclude that respondent's Arizona disbarment was not unjust or substantially different from discipline warranted in Minnesota. *See Grzybek,* 567 N.W.2d at

265 (disbarring attorney for client neglect, noncooperation with disciplinary proceedings, misappropriation of client funds, and failure to comply with court orders); *In re Harp,* 560 N.W.2d 696, 697, 701 (Minn. 1997) (disbarring attorney for, among other misconduct, failure to comply with probation, client neglect, failure to return client files, abandonment of his practice, and noncooperation with disciplinary proceedings); *In re McCoy,* 447 N.W.2d 887, 890–91 (Minn.1989) (disbarring attorney for client neglect, misrepresentation, and failure to return client files); *In re Weyhrich,* 339 N.W.2d 274, 278–79 (Minn.1983) (disbarring attorney for gross client neglect, failure to appear in court, bad-faith litigation, and noncooperation with disci-plinary proceedings). We therefore hold that reciprocal discipline is appropriate and we order that, upon the filing of this opinion, Erin Marie Wolff, formerly known as Erin M. Alavez, is disbarred from the practice of law in the State of Minnesota, and that respondent shall pay to the Director the sum of $900 in costs and disbursements pursuant to Rule 24, RLPR.

Disbarred.