The Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action seeking reciprocal discipline of disbarment after respondent Barry L. Vansickle was disbarred by the California Supreme Court and was publicly disciplined by the California Supreme Court on three other occasions. See In re Barry L. Van Sickle , State Bar Court No. 16-N-16172, Order at 1 (Cal. filed July 13, 2017) (disbarring Vansickle); In re Barry L. van Sickle , State Bar Court No. 15-O-12174, Order at 1 (Cal. filed Apr. 29, 2016) (imposing a 3-year, stayed suspension and placing Vansickle on probation for 3 years, with a condition that Vansickle was suspended from the practice of law for a minimum of 2 years); In re Barry L. Van Sickle , State Bar Court No. 13-O-17670, Order at 1 (Cal. filed Sept. 16, 2015) (imposing a 2-year, stayed suspension, and placing Vansickle on probation for 2 years, with a condition that Vansickle was suspended for a minimum of 90 days); In re Barry L. Vansickle , State Bar Court No. 12-O-14751, Order at 1 (Cal. filed May 13, 2014) (imposing a 1-year, stayed suspension and placing Vansickle on probation for 2 years).
In the California disciplinary proceedings, the California Supreme Court found that Vansickle committed two types of misconduct. First, he performed no work on a matter, and when these clients terminated the representation, he failed to refund the $6,500 in advanced attorney fees they had paid him, in violation of Cal. R. Prof. Conduct 3-110(a) and 3-700(D)(2). Second, Vansickle willfully failed to comply with court orders, in violation of Cal. Bus. & Prof. Code §§ 6068(k), 6103 (West 2016), and Cal. Rules of Court, Rule 9.20(c). These court orders required Vansickle to attend a hearing on an order to show cause why he should not be sanctioned by a bankruptcy court; disgorge $5,100 in attorney fees he had received, plus interest, in a bankruptcy matter; pay restitution of $6,500, plus interest, to the former clients whose unearned fees he had not refunded; and file an affidavit establishing he had complied with a term of a disciplinary probation.
Vansickle did not file an answer to the petition. See Rule 13(a), Rules on Lawyers Professional Responsibility (RLPR).
We issued an order directing the parties to file written memoranda informing the court whether either or both believed that the imposition of the identical discipline would be unwarranted and the reasons for that claim. In re Vansickle , File No. A18-0838, Order at 1 (Minn. filed Aug. 3, 2018). Each party filed a written memorandum, and Vansickle also filed a motion for an evidentiary hearing on an independent basis of discipline.
The Director urged the court to impose reciprocal discipline of disbarment. The Director argued, in part, that Vansickle's conduct in the first California proceeding-performing no work for clients and then failing to return any of the advanced attorney fees he had been paid after the clients fired him-constitutes misappropriation of client funds in Minnesota, and that the court often disbars attorneys for misappropriating client funds.
Vansickle stated that he "would accept the reciprocal discipline of this Supreme *820 Court ... without objection or challenge on the basis of reciprocal discipline for actions taken by the Supreme Court of California upon the evidentiary basis established there." Vansickle contended, however, that the Director is "seek[ing] to not only have reciprocal discipline, which [he] would accept without hearing, but [is] also seek[ing] to establish an independent basis for discipline in Minnesota, based upon the California facts for his previous disciplinary actions there." If we "determine[ ] that the Director's actions are justified in asserting the California based behavior as an independent basis for Minnesota discipline," Vansickle claimed he is entitled to an evidentiary hearing before a referee with recommendations then made to the court.
Vansickle did not identify the Director's alleged "independent basis" for discipline in Minnesota. We believe that Vansickle is referring to the Director's claim that his conduct in the first California proceeding constitutes the misappropriation of client funds under Minnesota law.
"If [a] lawyer has been publicly disciplined in another jurisdiction" and the Director has "file[d] a petition for disciplinary action," we may, "[w]ithout further proceedings," "impose the identical discipline unless it appears that discipline procedures in the other jurisdiction were unfair, or the imposition of the same discipline would be unjust or substantially different from discipline warranted in Minnesota." Rule 12(d), RLPR. "Unless [we] determine[ ] otherwise, a final adjudication in another jurisdiction that a lawyer had committed certain misconduct shall establish conclusively the misconduct for purposes of disciplinary proceedings in Minnesota." Id.
We need not decide whether the Director is seeking an independent basis for Minnesota discipline by arguing that Vansickle's conduct in the first California proceeding constitutes misappropriation under Minnesota law or whether Vansickle is entitled to an evidentiary hearing on this claim. Vansickle has admitted that imposition of reciprocal discipline of disbarment is warranted based on the misconduct the California Supreme Court found that he committed. We agree.
We have imposed reciprocal discipline of disbarment based, in part, on an attorney's willful defiance of court orders. See In re Hawkins , 834 N.W.2d 663, 669-70 (Minn. 2013) ("We have held that 'willful disobedience [of] a single court order may alone justify disbarment.' " (quoting In re Daly , 291 Minn. 488, 189 N.W.2d 176, 181 (1971) ). Vansickle willfully defied several court orders, including two orders requiring him to repay attorney fees to his clients. He willfully defied one of the orders after twice having been disciplined for willfully failing to comply with court orders. In addition, in the first proceeding the California Supreme Court found that Vansickle performed no work on a matter and failed to return $6,500 in unearned fees after these clients fired him. Even if the failure to return these unearned fees is not characterized as misappropriation, it constitutes very serious financial misconduct. See In re Taplin , 837 N.W.2d 306, 312 (Minn. 2013) (stating that "[f]ailure to return the unearned portion of her fees is also serious misconduct" and that "[w]hile the funds were not misappropriated-the most serious form of financial misconduct-the misconduct was serious because, from the clients' perspectives, they were deprived of the use of their funds without any explanation" for many years). The disbarment by California is neither unjust nor substantially different from the discipline warranted in Minnesota because of the cumulative weight and severity of Vansickle's misconduct.
*821 Based upon all the files, records, and proceedings herein,
IT IS HEREBY ORDERED THAT:
1. Respondent Barry L. Vansickle is disbarred, effective as of the date of this order.
2. Respondent shall comply with Rule 26, RLPR (requiring notice of disbarment to clients, opposing counsel, and tribunals).
3. Respondent shall pay $900 in costs pursuant to Rule 24(a), RLPR.
4. Respondent's motion for an evidentiary hearing on facts alleged as an independent basis of discipline is denied as moot.
BY THE COURT:
/s/ David L. Lillehaug
Associate Justice