STATE OF MINNESOTA

IN SUPREME COURT

A15-1390



FILED

January 5, 2016

OFFICE OF
APPELLATE COURTS

In re Petition for Disciplinary Action against
Duane A. Kennedy, a Minnesota Attorney,
Registration No. 0055128.

ORDER

The Director of the Office of Lawyers Professional Responsibility filed a petition

for disciplinary action alleging that respondent Duane A. Kennedy committed professional

misconduct warranting public discipline—namely, practicing law while on a disciplinary

suspension; holding himself out as authorized to practice law in Minnesota while he was

suspended; and failing to clearly state that he was suspended in the written notices he

provided to clients, counsel, and courts about his suspension. *See* Minn. R. Prof. Conduct

3.4(c), 5.5(a), 5.5(b), and 8.4(d); *see also In re Kennedy*, 864 N.W.2d 342, 351 (Minn.

2015) (imposing a 30-day suspension and other discipline).

The parties filed a stipulation for discipline. In it, respondent waives his rights under

Rule 14, Rules on Lawyers Professional Responsibility (RLPR), withdraws the answer he

previously filed, unconditionally admits the allegations in the petition, and with the

Director recommends that the appropriate discipline is a public reprimand and the

extension of his current disciplinary probation. Respondent acknowledged in the

stipulation that, "based upon these admissions, this Court may impose any of the sanctions

set forth in Rule 15(a)(1)-(9), RLPR, including making any disposition it deems

1

appropriate" and that the Director had not made "any representations as to the sanctions the Court will impose."

This court suspended respondent for a minimum of 30 days, effective June 25, 2015, for committing professional misconduct. *See Kennedy*, 864 N.W.2d at 351. Respondent has admitted to practicing law during this period of disciplinary suspension. To impose a public reprimand for respondent's unauthorized practice of law would make the original 30-day disciplinary suspension imposed by this court largely meaningless. *See In re Jaeger*, 834 N.W.2d 705, 708 (Minn. 2013) (explaining that the court has applied "harsher discipline" when a lawyer practices law while on a disciplinary suspension, as compared to when a lawyer practices law while suspended for noncompliance with registration fees or CLE requirements).

As a result, we reject the parties' recommended discipline. We conclude that an appropriate disposition is a suspension for a minimum of 30 days and a 2-year extension of respondent's current disciplinary probation.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.     Respondent Duane A. Kennedy is suspended from the practice of law for a minimum of 30 days, effective 14 days from the date of this order;

2.     Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals);

3.     Respondent shall pay $900 in costs and disbursements pursuant to Rule 24, RLPR;

4. Respondent shall be eligible for reinstatement to the practice of law following the expiration of the suspension period provided that, not less than 15 days before the end of the suspension period, respondent files with the Clerk of Appellate Courts and serves upon the Director an affidavit establishing that he is current in continuing legal education requirements, has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by the court;

5. Upon reinstatement to the practice of law, respondent's current disciplinary probation shall be extended for an additional 2 years until July 25, 2019, subject to the following conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with probation. Respondent shall promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation;

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct;

(c) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director, to monitor compliance with the terms of probation. Respondent's current probation supervisor may continue to supervise respondent if the supervisor is willing to do so. If not, within 2 weeks from the date of this order, respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of client files as described in paragraph (d) below. Respondent shall make active client files available to the Director upon request; and

3

(d)     Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request; and

6.     With respect to this suspension, the requirement of Rule 18(e)(3), RLPR, that respondent provide proof of successful completion of the professional responsibility portion of the state bar examination within 1 year of the date of this order is waived. Respondent, however, still must comply with Rule 18(e)(3), RLPR, with respect to the court's prior suspension order by filing with the Clerk of Appellate Courts and serving upon the Director proof of successful completion of the professional responsibility portion of the state bar examination by June 10, 2016. *See Kennedy*, 864 N.W.2d at 351. Failure to timely file the required documentation shall result in automatic re-suspension, as provided in Rule 18(e)(3), RLPR.

Dated: January 5, 2016               BY THE COURT:

David R. Stras
Associate Justice

4