

STATE OF MINNESOTA

IN SUPREME COURT

A15-1390

In re Petition for Disciplinary Action against
Duane A. Kennedy, a Minnesota Attorney,
Registration No. 0055128.

ORDER

We suspended respondent Duane A. Kennedy from the practice of law for a minimum of 30 days, effective January 19, 2016. *See In re Kennedy*, 873 N.W.2d 133, 134 (Minn. 2016) (order). Respondent has filed an affidavit seeking reinstatement in which he states that he has fully complied with the terms of that suspension order. The Director of the Office of Lawyers Professional Responsibility does not oppose the request.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.      Respondent Duane A. Kennedy is conditionally reinstated to the practice of law in the State of Minnesota, subject to the requirement from a prior disciplinary case that he provide proof of successful completion of the professional responsibility portion of the state bar examination by June 10, 2016. *See In re Kennedy*, 864 N.W.2d 342, 351 (Minn. 2015). Respondent is placed on disciplinary probation until July 25, 2019, subject to the following terms and conditions:

> (a)      Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with probation. Respondent shall promptly respond to the Director's correspondence by the due date. Respondent shall

1

provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation;

(b)     Respondent shall abide by the Minnesota Rules of Professional Conduct;

(c)     Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director, to monitor compliance with the terms of probation. Respondent's current probation supervisor may continue to supervise respondent if the supervisor is willing to do so. If not, within 2 weeks from the date of this order, respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of client files as described in paragraph (d) below. Respondent shall make active client files available to the Director upon request; and

(d)     Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request.

Dated: February 19, 2016                    BY THE COURT:

David R. Stras
Associate Justice

2