IN RE Petition for DISCIPLINARY ACTION AGAINST Duane A. KENNEDY, a Minnesota Attorney, Registration No. 0055128.

A17-1448

Supreme Court of Minnesota.

October 13, 2017

## ORDER

The Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action alleging that, while on disciplinary probation, respondent Duane A. Kennedy committed professional misconduct warranting public discipline—namely, failing to clarify the basis and rate of a fee; failing to deposit unearned client funds into a trust account; failing to maintain the required trust-account books and records; and improperly sharing fees with a non-lawyer. *See* Minn. R. Prof. Conduct 1.5(b), 1.15(c)(3) and (5), 1.15(h), 5.4(a), and Appendix 1 thereto; *see also In re Kennedy*, 875 N.W.2d 833, 833-34 (Minn. 2016) (order) (reinstating respondent and placing him on disciplinary probation until July 25, 2019, subject to certain terms and conditions).

The parties filed a stipulation for discipline. In it, respondent waives his rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and unconditionally admits the allegations in the petition. The parties recommend that the appropriate discipline is a public reprimand and that we add a condition to respondent's current probation requiring him to provide his trust-account books and records to the Director. Respondent acknowledges in the stipulation that, "based upon these admissions, this Court may impose any of the sanctions set forth in Rule 15(a)(1)-(9), RLPR, including making any disposition it deems appropriate" and that

the Director had not made "any representations as to the sanctions the Court [would] impose."

This is the fourth time respondent has been publicly disciplined since June 2013. We publicly reprimanded respondent in June 2013, and we suspended him for a minimum of 30 days in June 2015 and January 2016. Respondent has been on disciplinary probation since June 2013. This is the third time respondent has violated the terms' of his disciplinary probation by committing additional acts of professional misconduct.

"We consider the attorney's disciplinary history because, after being disciplined, an attorney is expected to show a 'renewed commitment' to ethical behavior." *In re Coleman*, 793 N.W.2d 296, 308 (Minn. 2011) (quoting *In re Milloy*, 571 N.W.2d 39, 45-46 (Minn. 1997)). "The fact that the current misconduct occurred while [respondent] was on probation is also a significant aggravating factor." *In re Graham*, 609 N.W.2d 894, 897 (Minn. 2000). Given respondent's disciplinary history and repeated violations of the conditions of his disciplinary probation, a public reprimand and modification of the terms of respondent's probation are insufficient to adequately protect the public and the judicial system and to deter future misconduct by respondent and other attorneys. *See id.* (explaining the purposes of disciplinary sanctions for professional misconduct).

As a result, we reject the parties' recommended discipline. We conclude that the appropriate disposition is a suspension for a minimum of 30 days, followed by supervised probation for 2 years.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. Respondent Duane A. Kennedy is suspended from the practice of law for a

minimum of 30 days, effective 14 days from the date of this order.

2. Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals).

3. Respondent shall pay $900 in costs under Rule 24, RLPR.

4. Respondent shall be eligible for reinstatement to the practice of law following the expiration of the suspension period provided that, not less than 15 days before the end of the suspension period, respondent files with the Clerk of the Appellate Courts and serves upon the Director an affidavit establishing that he is current in continuing legal education requirements, has complied with Rules 24 and 26, RLPR, and has complied with any other conditions for reinstatement imposed by the court.

5. Within 1 year of the date of this order, respondent shall file with the Clerk of the Appellate Courts and serve upon the Director proof of successful completion of the written examination required for admission to the practice of law by the State Board of Law Examiners on the subject of professional responsibility. Failure to timely file the required documentation shall result in automatic re-suspension, as provided in Rule 18(e)(3), RLPR.

6. Upon reinstatement to the practice of law, respondent will be placed on disciplinary probation for 2 years, subject to the following conditions:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with probation. Respondent shall promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation;

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct;

(c) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director, to monitor compliance with the terms of probation. Respondent's current probation supervisor may continue to supervise respondent if the supervisor is willing to do so. If not, within 2 weeks from the date of this order, respondent shall provide the Director with the names of four attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall on the first day of each month provide the Director with an inventory of client files as described in paragraph (d) below. Respondent shall make active client files available to the Director upon request;

(d) Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's su-

pervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request; and

(e) Respondent shall maintain trust-account books and records in compliance with Minn. R. Prof. Conduct 1.15 and Appendix 1 to the Minnesota Rules of Professional Conduct. These books and records shall include the following: client subsidiary ledgers; checkbook register; monthly trial balance reports; monthly reconciliation reports; bank statements; cancelled checks if they are provided with the bank statements; duplicate deposit slips; bank reports of interest, service charges, and interest payments to the Minnesota IOLTA Program; and bank wire, electronic, or telephone transfer confirmations. Such books and records shall be made available to the Director at such intervals as the Director deems necessary to determine compliance.

/s/ _____

David R. Stras
Associate Justice