STATE OF MINNESOTA

IN SUPREME COURT

A24-0670

Original Jurisdiction                                                         Per Curiam

In re Petition for Disciplinary Action against
Jay A. Rosenberg, a Minnesota Attorney,
Registration No. 0397875.

                                                              Filed: March 12, 2025
                                                              Office of Appellate Courts

_____

Susan M. Humiston, Director, Binh T. Tuong, Deputy Director, Office of Lawyers Professional Responsibility, Saint Paul, Minnesota, for petitioner.

Jay A. Rosenberg, Libertyville, Illinois, pro se.

_____

S Y L L A B U S

Reciprocal discipline of disbarment under Rule 12(d), Rules on Lawyers Professional Responsibility, is appropriate where an attorney practiced for eight years without being licensed in the original jurisdiction, failed to exercise proper competence or diligence in preparing thousands of pre-drafted deeds, and failed to respond to the original jurisdiction's request for information during the disciplinary process.

1

O P I N I O N

PER CURIAM.

The Director of the Office of Lawyers Professional Responsibility (Director) filed a petition for disciplinary action under Rule 12(d) of the Rules on Lawyers Professional Responsibility (RLPR) requesting that we impose reciprocal discipline of disbarment on Jay Rosenberg. Rosenberg was excluded from the practice of law in the Commonwealth of Virginia for yearslong unauthorized practice of law, incompetence, lack of diligence in preparing over 14,000 deeds, and lack of cooperation with Virginia's disciplinary proceedings. Because we conclude that the Virginia disciplinary proceedings were fair and that disbarment is neither unjust nor substantially different from the discipline warranted in Minnesota, we disbar Rosenberg.

**FACTS**

Rosenberg has had law licenses for nearly sixty years in various jurisdictions without any disciplinary issues. He was admitted to practice in Minnesota in 2016. His license in Minnesota became inactive in 2022 and his status is currently listed as "voluntarily restricted" and "retired." Before this disciplinary action, Rosenberg was licensed to practice law in 15 jurisdictions: Georgia, Iowa, Kentucky, Minnesota, Missouri, North Carolina, Ohio, Oregon, Pennsylvania, South Dakota, Tennessee, Texas, Washington, Wisconsin, and the District of Columbia.

In 2014, Rosenberg opened a law practice in Virginia that specialized in high-volume, low-cost real estate deeds. He was not licensed, nor did he have authorization to practice, in Virginia. There was no Virginia-licensed attorney in Rosenberg's firm from

2

2014 to 2021. Instead, the name of a Virginia lawyer who was not affiliated with Rosenberg's firm, B. Wesley Barger, Jr., was put on the prepared deeds in exchange for a $300 monthly retainer fee. Barger rarely reviewed the deeds. Rosenberg estimates his firm produced 2,000–2,200 deeds per year, meaning he generated more than 14,000 real estate deeds from 2014 to 2021.

In June 2020, a Virginia-licensed attorney filed a complaint against Rosenberg after noticing a deed he had prepared contained several errors, was the wrong type of deed, and had not been reviewed by a Virginia-licensed attorney. The Virginia Bar (Bar) launched a disciplinary investigation.[1] During this investigation, Bar counsel issued two subpoenas. Rosenberg failed to comply with either. Instead, Rosenberg produced an untimely written proffer in response to each, which the Bar accepted. Rosenberg also sat for an interview with an investigator, but he refused to provide names of his clients or details of his agreements with other entities. The Bar determined Rosenberg's failure to provide necessary information and comply with the investigation violated Virginia Rules of Professional Conduct (VRPC) 8.1(c) and (d).[2]

---

[1] The Virginia State Bar, as an agency of the Virginia Supreme Court, oversees attorney conduct and discipline in the state. It has the authority to investigate complaints, issue charges, and conduct hearings as needed. Va. Code Ann. § 54.1-3910.

[2] Virginia Rules of Professional Conduct 8.1(c) and (d) state:

> An applicant for admission to the bar, or a lawyer already admitted to the bar, in connection with a bar admission application, any certification required to be filed as a condition of maintaining or renewing a license to practice law, or in connection with a disciplinary matter, shall not:
>
> . . .

The Bar further determined that Rosenberg's production of real estate deeds in Virginia without a license constituted the unauthorized practice of law in violation of VRPC 5.5(c) and (d).[3] As part of the investigation, the Bar reviewed a random sample of seven of Rosenberg's deeds. All of them had grammatical errors, while a few contained substantive mistakes. Rosenberg disclosed that his firm's deeds were pre-drafted by a

---

(c) fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6; or

(d) obstruct a lawful investigation by an admissions or disciplinary authority.

VRPC 8.1(c), (d). While not worded identically, RLPR 8.1 is similar to VRPC 8.1.

[3] Virginia Rules of Professional Conduct 5.5(c) and (d) provide:

(c) A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so.

(d) Foreign Lawyers:
(1) "Foreign Lawyer" is a person authorized to practice law by the duly constituted and authorized governmental body of any State or Territory of the United States or the District of Columbia, or a foreign nation, but is neither licensed by the Supreme Court of Virginia or authorized under its rules to practice law generally in the Commonwealth of Virginia, nor disbarred or suspended from practice in any jurisdiction.
(2) A Foreign Lawyer shall not, except as authorized by these Rules or other law:
(i) establish an office or other systematic and continuous presence in Virginia for the practice of law, which may occur even if the Foreign Lawyer is not physically present in Virginia . . ..

VRPC 5.5(c), (d). Rules of Lawyers Professional Responsibility 5.5(a) and (b)(1) provide similar limitations on the practice of law in Minnesota.

4

separate law firm in India. Rosenberg prevented the investigator from examining a second random sample. The Bar determined that Rosenberg's failure to properly review and prepare the deeds violated VRPC 1.1 (competence) and 1.3 (diligence).[4]

On July 5, 2022, Rosenberg signed an affidavit agreeing to the facts laid out above and that his conduct violated VRPC 1.1 (competence), 1.3 (diligence), 5.5 (unauthorized practice of law), and 8.1 (compliance with disciplinary investigations), and consenting to a revocation of practice sanction in Virginia. In his affidavit consenting to revocation, Rosenberg asserted without further explanation that he "had reason to believe that involvement of a Virginia based/licensed lawyer" was all that was required to practice in Virginia as a "foreign lawyer" as defined in VRPC 5.5(d). The next day, a circuit court panel of three judges accepted Rosenberg's consent to revocation and "excluded [him] from seeking admission, or exercising any privilege, to practice law in the Commonwealth

---

[4] Rules 1.1 and 1.3 of the VRPC and RLPR are identical. Rule 1.1, VRPC, states:

> A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

Rule 1.1, VRPC; Rule 1.1, RLPR. Rule 1.3, VRPC, states:

> A lawyer shall act with reasonable diligence and promptness in representing a client.

Rule 1.3, VRPC; Rule 1.3, RLPR.

of Virginia."[5] *Va. State Bar ex rel. Fifth Dist. Com., Sec. 1 v. Jay Arthur Rosenberg*, No. 22-04387, Order at 1 (Va. Cir. Ct. filed July 6, 2022).[6]

On April 23, 2024, the Director filed notice of a reciprocal discipline action under Rule 12(d), RLPR, against Rosenberg seeking disbarment. We requested briefing on whether reciprocal discipline is warranted. Rosenberg did not respond to the order. He informed the Director that he no longer wished to practice law and was not going to participate in Minnesota's proceedings. Rosenberg did not appear for argument before us.

## ANALYSIS

Under Rule 12(d), we may "impose the identical discipline [as another jurisdiction] unless it appears that discipline procedures in the other jurisdiction were unfair, or the imposition of the same discipline would be unjust or substantially different from discipline warranted in Minnesota." Rule 12(d), RLPR. If we choose not to apply the requested

---

[5]     Because Minnesota does not use revocation orders, we look to Virginia's definitions to identify the proper identical discipline in this action. *In re Stewart*, 899 N.W.2d 476, 479, 480 (Minn. 2017). In Virginia, revocation is defined as "any revocation of an Attorney's License and, when applied to a lawyer not admitted or authorized to practice law in Virginia, means the exclusion from the admission to, or the exercise of any privilege to, practice law in Virginia." Va. Sup. Ct. R. pt. 6, § IV, ¶ 13-1 (2024). Disbarment has "the same meaning as Revocation." *Id*. We find this decisive; the revocation order is identical to disbarment.

[6]     Although not determinative of our resolution of this case, we observe that in 2023, five jurisdictions reciprocally disbarred Rosenberg: Iowa, Kentucky, Pennsylvania, Tennessee, and the District of Columbia. Rosenberg has emeritus status in Georgia and his license status is "resigned" or "inactive" in the remaining states in which he was licensed.

discipline—here, disbarment—we may choose a different sanction or remand for other proceedings. *In re Marcellus*, 13 N.W.3d 679, 685 (Minn. 2024); Rule 12(d), RLPR.

Because a finding of misconduct from another jurisdiction "conclusively establish[es] that misconduct for purposes of our reciprocal discipline proceeding[s]" in Minnesota, we presume Rosenberg engaged in eight years of unauthorized practice of law in Virginia, resulting in more than 14,000 deeds that were not reviewed by a properly-licensed attorney and contained several errors; violated his duties of diligence and competence; and failed to fully participate in the Virginia disciplinary proceedings. *In re Jensen*, 12 N.W.3d 731, 737 (Minn. 2024) (citation omitted) (internal quotation marks omitted).

### A.

In reciprocal discipline cases, we first assess whether another jurisdiction's disciplinary process was fair. We assess whether the process was "consistent with [the principles of] fundamental fairness and due process." *In re Wolff*, 810 N.W.2d 312, 316 (Minn. 2012). We focus on whether the attorney had notice of the disciplinary proceedings and an opportunity to participate and respond to the allegations of misconduct—not whether he chose to do so. *In re Overboe*, 867 N.W.2d 482, 485–86 (Minn. 2015); *Wolff*, 810 N.W.2d at 316; *In re Koss*, 572 N.W.2d 276, 277 (Minn. 1997).

Rosenberg was notified of, participated in, and eventually consented to the disciplinary proceedings in Virginia. The Virginia disciplinary proceedings satisfied the standards of fundamental fairness.

B.

We next consider whether the reciprocal discipline requested—disbarment—is unjust or substantially different than Rosenberg would receive in Minnesota. *Jensen*, 12 N.W.3d at 737. These are separate inquiries. *Id.*

1.

We have stated that discipline may be unjust if "the lawyer shows that the circumstances that caused the misconduct have changed . . . and the discipline imposed in the other jurisdiction is no longer necessary to protect the public." *Id.* at 738–39. No evidence shows Rosenberg's circumstances have changed such that imposing reciprocal discipline would be unjust. Nothing in the record suggests that Rosenberg's unauthorized practice of law, incompetent legal work, lack of diligence, or unwillingness to cooperate with the Bar investigation were caused by some external factor that has changed. Further, while Rosenberg no longer plans to practice law in Minnesota, this is an insufficient basis to justify a departure for reciprocal discipline. In Minnesota, an attorney cannot resign his license to avoid being disbarred or otherwise disciplined. *In re Peck*, 302 N.W.2d 356, 360 (Minn. 1981). The main goal of discipline proceedings is to protect the court, profession, and public. *In re Albrecht*, 779 N.W.2d 530, 540 (Minn. 2010). Allowing an attorney to resign in lieu of discipline does not deter others from misconduct or broadly protect the public. *See In re Mose*, 993 N.W.2d 251, 264 (Minn. 2023). The fact that Rosenberg no longer plans to practice law in Minnesota does not make imposition of reciprocal discipline unjust.

2.

We also consider whether disbarment would be substantially different from the discipline warranted in Minnesota. Our standard in assessing this consideration is "not whether we would impose the same discipline if the attorney's disciplinary proceedings had originated in Minnesota, but rather whether the discipline imposed by [the other jurisdiction] is . . . substantially different from [the] discipline warranted in Minnesota." *In re Hawkins*, 834 N.W.2d 663, 668–69 (Minn. 2013) (citation omitted) (internal quotation marks omitted). In other words, we impose reciprocal discipline unless the attorney "show[s] not only that [the discipline] is outside the range of discipline we would impose, but that it is substantially so." *Jensen*, 12 N.W.3d at 740.

Our focus is on Rosenberg's misconduct in Virginia. Rosenberg, a lawyer with decades of experience who was licensed in 15 jurisdictions, engaged in the practice of law in Virginia for eight years without obtaining a license. During that time, he provided legal services to thousands of clients, having deeds prepared by a law firm overseas. A sample examined during the investigation in Virginia found several errors in the deeds Rosenberg prepared. For example, the deed that led the Bar to investigate Rosenberg was a general warranty deed, rather than the appropriate special warranty deed—an error that could impact the client's legal rights in the future—and the faulty deed contained several spelling errors. Rosenberg also impeded the Bar's investigation. As a result of the misconduct, the Bar's investigation found four violations, which Rosenberg admitted in his affidavit: the unauthorized practice of law over several years involving thousands of clients, lack of

9

diligence in representing those clients, lack of competence, and failure to fully cooperate with the Bar's investigation.

In his affidavit consenting to revocation in Virginia, submitted after the investigation closed, Rosenberg (a lawyer who had sought admission to, and been admitted in, 15 other jurisdictions) attempted to justify his unauthorized practice of law. He claimed that he "had reason to believe" that he could set up a law office in Virginia without being licensed if he put a licensed attorney's name on the deeds he provided (regardless of that attorney's involvement). But Rosenberg provided no explanation or legal rationale to support that belief. He pointed to nothing in the VRPC or other law that allowed him to practice without obtaining a Virginia law license. *See* VRPC 5.5(d)(2) (providing that "[a] Foreign Lawyer shall not, *except as authorized by these Rules or other law*: (i) establish an office or other systematic and continuous presence in Virginia for the practice of law, which may occur even if the Foreign Lawyer is not physically present in Virginia" (emphasis added)).

We have never addressed this specific constellation of misconduct before.[7] We have, however, addressed the various types of misconduct in which Rosenberg engaged,

---

[7] We have disciplined lawyers who practiced without authorization in Minnesota while licensed in another jurisdiction. *See* Rules 5.5(c), (d), RLPR (providing that a lawyer not licensed in Minnesota but licensed and in good standing in another jurisdiction may practice law in Minnesota in certain limited circumstances); Rule 8.5, RLPR (providing that "[a] lawyer not admitted in this jurisdiction is also subject to the disciplinary authority of this jurisdiction if the lawyer provides or offers to provide any legal services in this jurisdiction"). For instance, in *In re Kennard*, 963 N.W.2d 709, 709 (Minn. 2021), we imposed a 30-day suspension on a Texas-licensed attorney who represented a client in Minnesota without obtaining permission to do so. The district court had ordered Kennard to end his representation, which he refused to do, and Kennard subsequently failed to

10

and we can use those decisions as a yardstick against which to assess the range of discipline we would impose on Rosenberg had this case come before us as an original matter. *See In re McCloud*, 955 N.W.2d. 270, 278 (Minn. 2021) (stating that disciplinary decisions are "tailored to the specific facts of each case," but we can look to similar cases and their outcomes).

We have addressed the proper discipline for the unauthorized practice of law on several occasions. Under circumstances where the unauthorized practice of law was unintentional or caused by inadvertent oversight, like a lapsed license or missing documentation, we tend to impose the least severe form of public discipline—a public reprimand. *See, e.g.*, *In re Harmon*, 972 N.W.2d 880, 881 (Minn. 2022) (issuing a public reprimand, instead of the "identical" discipline of a 3-year suspension, in a reciprocal discipline case for practicing for 20 months after the attorney's provisional license expired in South Dakota); *In re Graham*, 744 N.W.2d 19, 19 (Minn. 2008) (issuing a public reprimand after attorney practiced for 20 years without submitting CLE affidavits, constituting unauthorized practice of law); *In re Quinn*, 605 N.W.2d 396, 396 (Minn. 2000) (issuing a public reprimand after attorney engaged in 17 years of unauthorized practice because of CLE and attorney fee compliance issues).

---

participate in the disciplinary process. *Id*. The misconduct in *Kennard* was significantly less serious than the misconduct for which Rosenberg was disciplined in Virginia. *Kennard* involved a single instance of unauthorized representation of a single client during an isolated period. Rosenberg, in contrast, engaged in eight years of systematic unauthorized practice representing thousands of clients. There is also no evidence that Kennard was practicing in an incompetent manner or failed to diligently represent his client.

In contrast, where attorneys willfully practice law knowing that they are not authorized to practice—typically because they have been suspended for prior misconduct—we have imposed more serious discipline ranging from 30-day suspensions to multiple year suspensions. *Compare In re Kennedy*, 873 N.W.2d 133, 133 (Minn. 2016), *reinstatement granted*, 875 N.W.2d 833 (Minn. 2016) (attorney who cooperated with disciplinary investigation was given a 30-day suspension for practicing while suspended, holding himself out as authorized to practice, and failing to inform clients and the courts about his suspension), *with In re Neill*, 486 N.W.2d 150, 150–51 (Minn. 1992) (attorney was suspended for a minimum of three years for practicing law while suspended, failing to disclose conflicts of interest, client neglect, and failing to cooperate with disciplinary proceedings). We have imposed suspensions even when attorneys were acting in the best interests of their clients during unauthorized practice periods. *See, e.g.*, *In re Mollin*, 940 N.W.2d 470, 474 (Minn. 2020), *reinstatement granted*, 943 N.W.2d 148, 149 (Minn. 2020) (attorney was suspended for 30 days after practicing while incorrectly believing he had been reinstated and, upon discovering he had engaged in unauthorized practice, immediately attempting to rectify his misconduct); *In re Grigsby*, 815 N.W.2d 836, 839, 847 (Minn. 2012) (attorney was suspended for 60 days for practicing while suspended, including writing an appellate brief for a client, forging the client's signature, and presenting the brief to the court as if it were a pro se document).

Finally, in "rare, extreme cases," we have disbarred attorneys for the unauthorized practice of law. *Grigsby*, 815 N.W.2d at 845. These cases have involved repeat offenses committed for personal gain (including misappropriation) and failure to cooperate with

12

disciplinary investigations, alongside other aggravating factors. *See id.*; *see, e.g.*, *In re Jaeger*, 834 N.W.2d 705, 710, 711 (Minn. 2013) (disbarring an attorney who continued to represent nine clients to the United States Patent and Trademark Office in direct opposition to his suspension order, failed to provide appropriate suspension notices to clients, and refused to cooperate with disciplinary investigation); *In re Hunter*, 473 N.W.2d 866, 868, 869 (Minn. 1991) (disbarring an attorney who practiced while suspended, misappropriated client funds, forged a signature for personal gain, and did not cooperate with the disciplinary investigation); *In re Ray*, 610 N.W.2d 342, 343 (Minn. 2000) (disbarring an attorney for his second disciplinary action in the same suspension period for the unauthorized practice of law); *In re Jorissen*, 391 N.W.2d 822, 824–25, 826 (Minn. 1986) (disbarring an attorney with an extensive disciplinary record who repeatedly practiced law while suspended). There is no evidence Rosenberg misappropriated client funds, but his repeated representation of thousands of clients over several years knowing he did not have a law license in Virginia is an extreme case of the unauthorized practice of law.

In addition, Rosenberg's misconduct includes other violations of the VRPC: incompetent practice of law, lack of diligence, and refusal to cooperate with a disciplinary investigation. Although isolated instances of incompetent practice of law and lack of diligence are generally treated less seriously than other forms of misconduct, we consider other disciplinary rule violations more severely when paired with serious client neglect and incompetence. *In re Udeani*, 984 N.W.2d 550, 553 (Minn. 2023) (citation omitted); *see also In re Kaminsky*, 999 N.W.2d 866, 880 (Minn. 2024) (imposing an indefinite suspension with a right to petition for reinstatement after nine months on an attorney who

filed a false affidavit, failed to supervise his staff, neglected a client, misappropriated funds, and represented a client with improper diligence and competence); *In re McCloud*, 998 N.W.2d 760, 771 (Minn. 2023) (imposing a 90-day suspension, two-year probation, and a petition for reinstatement requirement on an attorney facing his third public disciplinary action for the unauthorized practice of law, disclosure of confidential information, and competence and diligence failings). Here, Rosenberg exhibited a lack of competence and diligence in addition to his unauthorized practice of law, resulting in the preparation of faulty deeds. The sheer volume of deeds for which Rosenberg was responsible as part of an organized scheme favors more severe sanctions than incompetence or improper diligence would on their own. *See In re Padden*, 10 N.W.3d 291, 300 (Minn. 2024) (stating that "[w]e distinguish between a brief lapse in judgment or a single, isolated incident and multiple instances of misconduct occurring over a substantial amount of time, the latter of which warrants greater discipline").

We have treated failure to cooperate with disciplinary proceedings as sufficiently serious to warrant monthslong suspensions in some circumstances. *See In re Schulte*, 869 N.W.2d 674, 678 (Minn. 2015); *In re Walker*, 461 N.W.2d 219, 223 (Minn. 1990) (describing different suspension orders we imposed for noncooperation in disciplinary matters). This is because failure to participate in disciplinary proceedings indicates a "disregard for the disciplinary process and complete indifference to the profession." *Neill*, 486 N.W.2d at 151. We have also stated that where an attorney eventually participates in disciplinary proceedings the offense is less serious than instances of "flagrant noncooperation." *In re Wareham*, 413 N.W.2d 820, 822 (Minn. 1987). Rosenberg failed

14

to fully cooperate in the Virginia investigation. While he did ultimately provide some responses to the investigator's inquiries, he did not respond promptly, withheld information, and (perhaps most problematic) prevented the Bar from examining a second sample of the deeds that he produced. "In connection with other misconduct, noncooperation increases the severity of the disciplinary sanction." *In re De Rycke*, 707 N.W.2d 370, 375 (Minn. 2006). While, standing alone, Rosenberg's non-cooperation would not support disbarment, it makes disbarment a more appropriate sanction in combination with his other misconduct.

Rosenberg's misconduct occurred over many years and affected thousands of clients. His process of having non-Virginia lawyers prepare Virginia deeds with little or no review posed risks to the clients who requested the deeds and others who may rely on their accuracy in the future. Rosenberg, who obtained law licenses in 15 other jurisdictions, willfully chose not to obtain a Virginia law license, and has offered no legal authority or explanation as to why he did not need a Virginia law license to practice as he did. And he refused to cooperate with the Bar, impeding an effective investigation. Based on our review of Rosenberg's misconduct and our past cases, we cannot say that disbarment is substantially different from the discipline warranted in Minnesota.

**CONCLUSION**

We hold that reciprocal discipline of disbarment is appropriate. We order that Jay A. Rosenberg is disbarred from the practice of law in the State of Minnesota, effective upon the date of this opinion. Rosenberg must comply with Rule 26, RLPR (requiring

15

notice to clients, opposing counsel, and tribunals), and must pay to the Director the sum of $900 in costs and disbursements pursuant to Rule 24, RLPR.

Disbarred.